FILED

OCT 31 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VIVINE H. WANG, | Nos. 10-55147 & 10-55901 |
| Petitioner - Counter-Respondent - Appellant, | D.C. No. 2:09-cv-05731-GHK-CT |
| v. | |
| BEAR STEARNS & CO., INC., d/b/a J.P. MORGAN SECURITIES, INC., | MEMORANDUM[*] |
| Respondent - Counter-Petitioner - Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Argued and Submitted October 13, 2011
Pasadena, California

Before: FERNANDEZ and CALLAHAN, Circuit Judges, and ERICKSON, Chief
District Judge.[**]

Vivine Wang appeals from the district court's ruling confirming an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Ralph R. Erickson, Chief District Judge for the U.S. District Court for North Dakota, Fargo, sitting by designation.

arbitration award entered in favor of Bear Stearns & Co., Inc.[1] On appeal, Wang challenges (1) both the district court's interpretation of the Customer Agreement she entered into with Bear Stearns and the court's determination that Bear Stearns' claims were arbitrable, and (2) the district court's decision to confirm the arbitration award. Finally, Wang challenges the district court's award of attorney fees and costs incurred by Bear Stearns to confirm the arbitration award. We affirm.[2]

We review the district court's decision to confirm an arbitration award *de novo. New Regency Productions, Inc. v. Nippon Herald Films, Inc.,* 501 F.3d 1101, 1105 (9th Cir. 2007). We also consider the construction and interpretation of a contract term relating to the validity and scope of an arbitration clause, which are questions of law, *de novo. Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1267 (9th Cir. 2006) (en banc).

The claim submitted by Bear Stearns in the arbitration proceedings was one to recover unpaid debt. Resolution turned on the terms of the Customer Agreement specifying that Wang was obligated to pay for any completed stock purchases.

---

[1]     Bear Stearns & Co. has undergone a number of restructurings during the course of the litigation. Because Bear Stearns was the original contracting company, this name is used throughout the memorandum for the sake of clarity.

[2]     Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

Both parties agree that under their dispute arbitration agreement, arbitration is the contractually agreed upon forum for resolution of these claims so long as the "carve out" clause does not apply. In order for the carve out clause to apply, the claim submitted to arbitration must be "encompassed by" a putative class action.

The collection claim and the putative class action in this case arise out of the same set of operative facts. A plain reading of the term "encompassed by" requires more than simply arising out of the same set of facts. It suggests that the arbitration claims must lie "within" the class action claim.

Although the facts giving rise to the claims at issue are the same, the essential elements of the claims are distinct and bear little relation to each other. Bear Stearns seeks to be paid for Wang's stock purchases. Its claim is fact-specific, demanding only proof of the orders and whether payment for the orders was made. In the pending class actions, Wang alleges Bear Stearns committed fraud and/or other securities law violations with regard to the sale of the stock. It is axiomatic that Bear Stearns cannot assert a counterclaim for monetary damages in the pending class actions where Wang is not a named party. *See* Fed. R. Civ. P. 13 (outlining circumstances in which a pleader must state a counterclaim and may state a counterclaim against "an opposing party"); *Allapattah Services, Inc. v. Exxon Corp.* 333 F.3d 1248, 1260 (11th Cir. 2003). Moreover, where

3

individualized inquiries predominate over common issues, class certification is inappropriate. *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541 (2011). Interpreting the scope of the carve out clause so broadly as to include any claim related to the transactions is contrary to the plain language of the provision and may serve to defeat legitimate class actions.

Wang's overbroad interpretation of the phrase "encompassed by" would create a rule in which a party with a legitimate arbitrable claim would be precluded from getting the benefit of its bargain (the execution of a pre-dispute arbitration agreement) even where the pending class action claims would not or could not resolve the arbitration claim.

Arbitration in front of the duly-appointed subsidiary of the Financial Industry Regulatory Authority ("FINRA") was proper under the terms of the Customer Agreement, as was the arbitrator's reliance on the FINRA Rules. The district court's ruling allowed Bear Stearns to collect what is due under the contract while not interfering with Wang's putative class action claims. We affirm the district court's confirmation of the arbitration award.

In the second of these consolidated appeals, Wang argues the district court erred by awarding attorney's fees and costs that Bear Stearns incurred in confirming the arbitration award. This issue can be resolved by reference to the

language of the underlying contract. There is no need to reach a statutory analysis. Accordingly, our review of the issue is *de novo*. *Cape Flattery, Ltd. v. Titan Maritime, LLC,* 647 F.3d 914, 917 (9th Cir. 2011) (validity and scope of arbitration clause reviewed *de novo*). The contract provided:

> You [Wang] hereby agree to pay, on demand, all reasonable costs, fees, expenses, liabilities and damages (collectively "Costs") incurred by Bear Stearns in connection with (i) enforcing its rights hereunder, (ii) any investigation, litigation or proceeding involving your Account(s) or any property therein, (iii) . . . (B) the failure by you or any person authorized to act on your behalf to comply with any terms, conditions, or limitations . . . (iv) any breach or failure by you to perform any term or provision of this Agreement . . .

This provision unambiguously provides for the reasonable reimbursement of all costs to Bear Stearns in enforcing its rights, including any litigation undertaken in that pursuit. Bear Stearns was forced to litigate this case in federal court in order to secure the arbitration award. The costs of this endeavor are clearly covered by the plain language of the contract, and we affirm the district court's ruling authorizing reimbursement of expenses incurred by Bear Stearns in confirming the arbitrator's award.

**AFFIRMED**.